```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

_____  :
                                 :
ALLEN DUPREE GARRETT,            :
                                 :
          Plaintiff,             :   Civ. No. 22-5840 (NLH) (SAK)
                                 :
     v.                          :   OPINION
                                 :
                                 :
THE UNITED STATES OF AMERICA,    :
et al.,                          :
                                 :
          Defendants.            :
_____ :

APPEARANCE:

Allen Dupree Garrett
000881340B
Bayside State Prison
P.O. Box F-1
Leesburg, NJ 08327

   *Plaintiff Pro se*

HILLMAN, District Judge

   Plaintiff Allen Dupree Garrett, an inmate presently detained in Bayside State Prison, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security. See ECF No. 1.

   Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable

to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period.  Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the filing fee, in installments, as follows.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. §

2

1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff's current action is subject to the three-strikes provision of § 1915(g). See Garrett v. Murphy, 17 F.4th 419 (3d Cir. 2021). Before he may proceed in forma pauperis in this action, Plaintiff must submit a statement demonstrating why he would be in imminent danger of serious physical injury if the Court did not grant him in forma pauperis status.

CONCLUSION

For the reasons set forth above, Plaintiff must submit a statement demonstrating imminent danger of serious physical injury before he may proceed in forma pauperis. Plaintiff must submit the statement within 30 days, or the Court will administratively terminate the complaint pending receipt of the

$350 filing fee and $52 administrative fee.  An appropriate

Order follows.


Dated: October 11, 2022                s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.