```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ALLEN DUPREE GARRETT, | |
| Plaintiff, | Civ. No. 22-5840 (NLH) (SAK) |
| v. | OPINION |
| THE UNITED STATES OF AMERICA, et al. | |
| Defendants. | |

APPEARANCE:

Allen Dupree Garrett
881340B
Somerset County Jail
P.O. Box 3000
Somerville, NJ 08876-1262

　　*Plaintiff Pro se*

HILLMAN, District Judge

　　Plaintiff Allen Dupree Garrett, an inmate presently detained in the Somerset County Jail, seeks to bring this civil action in forma pauperis, without prepayment of fees or security.  ECF No. 1-2.  He also requests the appointment of pro bono counsel.  ECF Nos. 3 & 10.

　　The Prison Litigation Reform Act ("PLRA") amended § 1915 and established certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.[1]  The

---

[1] "'Prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or

PLRA contains a "three strikes" provision that "prohibits a prisoner from proceeding IFP in a civil action or on appeal if, on three or more prior occasions, he has brought an action or appeal while incarcerated or detained that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted . . . ." Millhouse v. Sage, 639 F. App'x 792, 793 (3d Cir. 2016) (citing 28 U.S.C. § 1915(g)).

Plaintiff has had at least three qualifying dismissals: Garrett v. Murphy, No. 20-5235 (D.N.J. May 14, 2020) (dismissed for failure to state a claim); Garrett v. United States, No. 18-14515 (D.N.J. Nov. 27, 2018) (dismissed for failure to state a claim); Garrett v. Mendez, No. 13-5343 (D.N.J. Aug. 14, 2014) (dismissed for failure to state a claim). See also Garrett v. Murphy, 17 F.4th 419 (3d Cir. 2021). Therefore, he may not proceed in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The Court ordered Plaintiff to provide a statement demonstrating he was in imminent danger of serious physical injury. ECF No. 9.

Plaintiff's complaint brings claims against the United States, the Court of Appeals for the Third Circuit, and Third Circuit Judge Porter. ECF No. 1 at 2. The factual allegation

---

adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

2

portion of the complaint reads: "strikes of COVID-19 virus sickness in 2/2020 at Camden County Correctional Facility Camden NJ. . . . Struck with COVID-19 virus 7/2022 at Bayside State Prison. . . . COVID-19 vaccination 4/21 and 12/21 at CCCF - Camden County Correctional Facility Camden NJ."  Id. at 4.  He also writes: "forced medication" and "Guillain-Barre Syndrome."  Id. at 5.  He seeks damages and asks the Court to "remove 3rd COA Judge Porter from case [Appeal No.] 21-1717."  Id.

In response to the Court's order, Plaintiff writes: "District Court equating failure to state a claim with frivolousness was 'error' because prisoner alleged scenario that was not inherently implausible complaint should not have been deemed frivolous."  ECF No. 11 at 1 (emphasis in original).  "A defendant may not be reprosecuted where a first Trial has ended with an improperly declared mistrial."  Id.  He further argues that "[i]n no event shall a 'prisoner' be prohibited from bringing a Civil Action or appeal a civil or Criminal judgment for the reason that the prisoner has 'no assets' and 'no means' by which to pay the initial partial filing fee."  Id. at 3.  "Nothing states I have to Be in Imminent Danger Also!"  Id.

"[] Congress enacted the PLRA in order to limit the filing of frivolous and vexatious prisoner lawsuits.  To accomplish this, Congress curtailed the ability of prisoners to take advantage of the privilege of filing I.F.P."  Abdul-Akbar v.

3

McKelvie, 239 F.3d 307, 314 (3d Cir. 2001).  "The 'three strikes' rule added by the PLRA supplied a powerful economic incentive not to file frivolous lawsuits or appeals. In stark terms, it declared that the I.F.P. privilege will not be available to prisoners who have, on three occasions, abused the system by filing frivolous or malicious lawsuits or appeals . . . ."  Id.  Contrary to Plaintiff's assertions, "§ 1915(g) does not block a prisoner's access to the federal courts.  It only denies the prisoner the privilege of filing before he has acquired the necessary filing fee."  Id.  Plaintiff, as this Court and the Third Circuit have repeatedly reminded him, has lost this privilege because of his numerous qualifying dismissals.  To proceed without paying the filing fee in full, Plaintiff must be able to show that he is in imminent danger of serious physical injury.

Plaintiff's complaint does not satisfy this requirement.  His "forced medication" occurred on April 7, 2021 and December 9, 2021.  ECF No. 1 at 5.  "The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action.  Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"  Abdul-Akbar, 239 F.3d at 313.  Therefore, the Court must deny him in forma pauperis status.  28 U.S.C. § 1915(g).

4

The Clerk shall be ordered to administratively terminate the case without filing the complaint. Plaintiff must pay the $402 filing and administrative fees before the complaint may be filed. The Court will deny the motions for counsel without prejudice. Plaintiff may request counsel again once he has paid the fees.

An appropriate Order follows.

Dated: December 14, 2022      s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.